IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILLIAM S. HENDERSON, *pro se*, ) ) Plaintiff, ) ) v. ) ) COUNTY OF HENRICO HUMAN ) RESOURCES, ) ) Defendant. ) | Civil Action No. 3:11cv739–HEH |

## MEMORANDUM OPINION
(Issuing Prefiling Injunction)

On numerous occasions, William Sherrod Henderson ("Henderson"), acting *pro se* and proceeding *in forma pauperis*, has filed, attempted to file, or sought reconsideration from dismissal of his attempt to file, an employment discrimination lawsuit against Henrico County, Virginia. *Henderson v. County of Henrico*, No. 3:98cv790 (E.D. Va. filed Dec. 19, 1998, dismissed on summary judgment Feb. 18, 1999); *Henderson v. County of Henrico*, No. 3:02cv264 (E.D. Va. filed April 18, 2002, dismissed June 19, 2002); *Henderson v. County of Henrico*, No. 3:08cv32 (E.D. Va. filed Jan. 14, 2008, dismissed on summary judgment April 15, 2008); *Henderson v. County of Henrico*, No. 3:11cv335 (filed May 19, 2011, dismissed May 26, 2011); *Henderson v. County of Henrico*, No. 3:11cv739 (filed Nov. 8, 2011, dismissed Dec. 22, 2011, motions for reconsideration denied Feb. 2, 2012; Mar. 14, 2012; May 24, 2012; Aug. 10, 2012; Sept.

21, 2012; Oct. 16, 2012; Dec. 3, 2012; Feb. 14, 2012).[1] His claims against the County have been litigated to completion on several occasions, with this Court's previous rulings affirmed whenever appealed. *See, e.g., Henderson v. County of Henrico*, 293 Fed. App'x 982, 983 (4th Cir. 2008). The Court sympathizes with Henderson, who appears to be a troubled individual who genuinely believes that Henrico County has wronged him in the past. If this was his first round of litigation, mere dismissal would suffice.

But the Court is forced to take additional measures, as Henderson's repeated and unfounded lawsuits have placed a burden on the Court, its Clerk's Office, and the Defendant. The Court has a duty to protect against conduct that impairs its ability to manage its caseload. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)); *see also Tucker v. Seiber*, No. 93-7239, 1994 U.S. App. LEXIS 3930, at *3 (citing *Procup*, 792 F.2d at 1073). In fulfillment of this duty and to allow for the orderly administration of justice, the Court issued an Order requiring Henderson to show cause why he should not be required to obtain permission from a judge of this Court before filing any further *pro se* lawsuits. (ECF No. 27.)

As instructed, Henderson appeared before the Court on March 7, 2013 and agreed not to file further claims against Henrico without following a prefiling procedure. Based

---

[1] Henderson has also filed a lawsuit against a member of the Federal Public Defender's Office which this Court dismissed, including two dismissals after attempts to amend the pleadings. *Henderson v. Grady*, No. 3:11cv32 (E.D. Va. filed Jan. 14, 2011, dismissed Jan. 24, 2011; Feb. 7, 2011; Feb. 15, 2011). The Court takes note of this unrelated lawsuit because it follows a similar pattern of repeatedly filing amended pleadings that are nearly identical to those already dismissed.

upon this representation, the Court finds that a prefiling injunction is appropriate to ensure that Henderson will continue to comply in the future. At the same time, there is no reason to punish Henderson in any way. The Court's injunction is simply designed to promote the orderly administration of justice without totally foreclosing Henderson's access to the Courthouse should he wish to present a non-frivolous claim.

## I. BACKGROUND

Defendant Henrico County, Virginia ("Henrico County") employed Henderson in its Public Works Department between September 1997 and February 1998. Due to an on-the-job accident in November 1997, Henderson was required to take some time off of work for medical care. In February of 1998, he requested an additional thirty days of medical leave, and his employer requested verification from a physician that such leave was necessary. *Henderson*, No. 3:98cv790 (E.D. Va. filed Dec. 19, 1998, Docket No. 1). By his own admission, Henderson's physicians determined that he may return to work. *Id.* Nevertheless, he failed to return to work, and so he was terminated. *Id.* This Court dismissed his claims and the Fourth Circuit affirmed.

In 2002, Henderson filed a lawsuit identical to the one that he filed in 1998, albeit against a slightly smaller group of defendants. Applying the doctrine of collateral estoppel, this Court dismissed the 2002 lawsuit on summary judgment. *Henderson*, No. 3:02cv264 (E.D. Va. filed Apr. 18, 2002, Docket No. 13). Henderson did not appeal.

Between 2006 and 2007, Henderson applied for a series of entry-level janitorial jobs with Henrico County, but was not hired. In each instance, a more qualified individual was hired. *Henderson*, No. 3:08cv32 (E.D. Va. filed Jan. 14, 2008).

Nevertheless, Henderson filed a lawsuit alleging both race and age discrimination by Henrico County in its failure to hire him. *Id.* He also referenced his previous lawsuits, claiming that the failure to hire him was a form of retaliation for his attempt to bring an Americans with Disabilities Act claim in 1998. *Id.* Because Henderson could produce absolutely no evidence of discrimination, this Court granted summary judgment in favor of the Defendants and the Fourth Circuit affirmed. *Id.* (summ. j. granted Apr. 15, 2008).

In 2011, Henderson again brought a similar lawsuit based on his failure to secure employment with Henrico County in 2010 and 2011. *Henderson*, No. 3:11cv335 (E.D. Va. filed May. 19, 2011). As best as the Court could decipher from his pleadings, Henderson claimed that Henrico County did not hire him because of age, race, and his 1997 on-the-job injury. *Id.* The Court dismissed the case for lack of subject matter jurisdiction, because the pleadings did not indicate that Henderson had exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *Id.*

After securing a right to sue letter from the EEOC, Henderson renewed his most recent claims in November 2011. *Henderson*, No. 3:11cv739 (E.D. Va. filed Nov. 8, 2011). That is the case now at issue. After granting his request to proceed without paying a filing fee, this Court dismissed Henderson's claims, finding his allegations to be entirely conclusory. *Id.* (dismissed Dec. 22, 2011, ECF No. 2). At this point, Henderson began to engage in a pattern of endless requests to amend his pleadings or for reconsideration of the dismissal of his case. *Id.* (motions filed Jan. 17, 2012; Feb. 13, 2012; Mar. 26, 2012; June 26, 2012; July 9, 2012; Sept. 7, 2012; Sept. 13, 2012; Oct. 10,

2012; Nov. 9, 2012; Dec. 17, 2012; ECF Nos. 4, 7, 11, 14, 15, 17, 18, 20, 21, 22, 24, 26). In each instance, the motions were denied, because Henderson offered absolutely no additional allegations to show that Henrico County's hiring decisions were unlawfully motivated by race, age, or disability.

Based on Henderson's recent pattern of behavior, the Court issued an Order directing him to appear before the Court on March 7, 2013 to show cause why he should not be subjected to a pre-filing injunction. He was served with a copy of the Order in person on February 19, 2013. (ECF No. 30). On that very day, Henderson filed a written response to the Court's Order, essentially recounting his litigation history consistent with the Court's account herein. (ECF No. 29).

## II. STANDARD OF REVIEW

Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct their functions. *Procup*, 792 F.2d at 1073 (citation omitted). The All Writs Act, 28 U.S.C. § 1651(a), "grants federal courts the authority to limit access to the court by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818–19 (4th Cir. 2004).

A prefiling injunction, however, must not effectively deny access to the courts. *Procup*, 192 F.2d at 1074. It is a drastic remedy that must be used sparingly, consistent with the constitutional guarantees of due process and access to the courts. *Cromer*, 390 F.3d at 817. The courts should not limit access to the courts absent "exigent circumstances, such as a litigant's continued abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (citing *Brow v. Farrelly*, 994 F.2d 1027,

5

1038 (3d Cir. 1993)). The use of such a measure against a *pro se* plaintiff should be approached "with particular caution" and should be "the exception to the general rule of free access to the courts." *Id.* at 818 (citing *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)). A show cause hearing is required to allow the litigant an opportunity to be heard on the prefiling injunction. *Id.* at 819.

The factors to be considered in evaluating whether to issue a prefiling injunction are: (1) the party's history of litigation, particularly whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the court and other parties as a result of the party's filings; and (4) the adequacy of alternative sanctions. *Cromer*, 390 F.3d at 818 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The court must weight all of the relevant circumstances in making its decision. *Id.* "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792, 2009 WL 1491402 at *3 (E.D. Va. May 26, 2009) (citing *Safir*, 792 F.2d at 24).

### III. DISCUSSION

As the Court has already noted, Henderson is a troubled individual with a decade-long history of unsuccessful litigation against Henrico County. His recent pattern of

motions, considered in conjunction with his previous litigation history, supports the imposition of a prefiling injunction. At the same time, the Court must emphasize that the goal is not to punish Henderson or completely close the courthouse doors on him. Rather, the goal is to impose reasonable limitations designed to efficiently address any of Henderson's further motions or pleadings without hindering the orderly administration of justice.

The first factor to consider is Henderson's litigation history. *Cromer*, 390 F.3d at 818 (citation omitted). Since 1998, he has taken several respites from his litigation against Henrico County, only to return with more zeal than ever in 2011. Although some of the allegations change with each suit, Henderson always bases his claim in part on the 1998 termination. Despite repeated dismissals and unsuccessful appeals to the Fourth Circuit, Henderson appears unwilling to give up the 1998 claim. His most recent series of post-dismissal motions demonstrate a pattern that does not appear to stop unless the Court takes some action to stop him. This litigation history evinces a need for prefiling relief, particularly to deal with the recent pattern of unsupported motions for reconsideration.

Second, the Court must consider the lack of a good faith basis for litigation. *Cromer*, 390 F.3d at 818 (citation omitted). While the Court acknowledges Henderson's sympathetic situation, he has been admonished by several judges of this Court that his claims have never been supported by more than conclusory allegations and conjecture. He is on notice that he should not bring claims based solely on his own speculation, yet he continues to file essentially the same type of unsupported pleadings in each case.

7

Because he does not address the deficiencies in his pleadings, even after being repeatedly informed of those deficiencies, each filing lacks a good faith basis. This second factor supports the imposition of a prefiling injunction.

Third, the Court considers the burden of Henderson's litigation activities. *Cromer*, 390 F.3d at 818 (citation omitted). In previous cases, the burden began and ended with dismissal and appeal, with Henderson accepting the finality of court decisions. If the burden here was similarly contained, no prefiling injunction would be necessary. But the pattern changed in this case, with Henderson refusing to accept the finality of the Court's decision. Instead, he has repeatedly filed motions seeking a different result based on exactly the same pleadings. This pattern has created a burden in which the Clerk must docket endless motions and the Court must address them as they are filed. It makes no difference to Henderson that each motion is the same as the last. The pattern appears to be endless, and the Court cannot allow one case to persist with perpetual motions to reconsider, because the burden would likewise remain endless. Thus, this third factor supports the entry of a prefiling injunction.

Finally, the Court must consider whether a sanction short of a prefiling injunction would suffice. *Cromer*, 390 F.3d at 818 (citation omitted). Given the apparently endless pattern of Henderson's unsupported motions for reconsideration, there appears to be no other remedy available to the Court. However, the Court intends to narrowly-tailor its prefiling injunction to address only the situation presented by Henderson's lawsuits arising out of his previous employment with Henrico, and specifically addressing the pattern of post-dismissal motions.

## IV. CONCLUSION

Left unchecked, Henderson's endless pattern of filing motions for reconsideration will continue to disproportionately burden the Court and the Clerk's Office. Accordingly, the Court will enter a narrowly-tailored prefiling injunction designed to minimize the burden of further meritless filings without completely foreclosing Henderson from bringing potentially meritorious claims.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 7 2013
Richmond, Virginia